of claim filed November 13, 1911." When the cause was reached for trial the plaintiff moved the court to strike from the files the amended affidavit of merits of the defendants so far as it related to the statute of limitations. The motion was denied and the plaintiff, by his counsel, announced that he elected to stand by his motion, the demands for a trial by jury were withdrawn by the parties and the cause submitted to the court. The plaintiff offered no evidence, the court entered a judgment of *nil capiat* and plaintiff appealed.

The statement of claim filed November 13, 1911, was an amended statement of claim, not an amendment to any statement of claim theretofore filed. The effect of filing an amended statement of claim is to substitute it for the statements of claim theretofore filed, and it is regarded as the only statement of claim in the case. We think that the court properly denied plaintiff's motion to strike from the files the amended affidavit of merits of the defendants so far as it related to the statute of limitations. It follows from what has been said, that in our opinion the judgment of *nil capiat* was proper, and it is affirmed.

*Judgment affirmed.*

---

**Joseph Siebert, Appellee, v. Chicago City Railway Company, Appellant.**

**Gen. No. 18,918. (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. PAUL McWILLIAMS, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 30, 1914.

### Statement of the Case.

Action by Joseph Siebert against Chicago City Railway Company to recover damages for personal in-

juries due to the premature starting of defendant's car as plaintiff was in the act of alighting. From a judgment for plaintiff for one thousand five hundred dollars, defendant appeals.

JAMES G. CONDON and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

EDWARD J. GREEN, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*sufficiency of evidence to sustain verdict for passenger injured in alighting.* Evidence *held* sufficient to show that plaintiff was thrown from defendant's car as the result of its being started as he was in the act of alighting, and that in so starting the car the motorman was guilty of negligence and plaintiff was free from contributory negligence.

2. CARRIERS, § 452*—*sufficiency of declaration to charge premature starting of car.* In an action by a passenger for personal injuries, an allegation that while plaintiff was alighting from the car the defendant, in response to the gong sounded as a signal for the car to be started, "hurriedly, quickly and suddenly started said car," and thereby plaintiff was thrown from the car, is sufficient to cover the premature starting of the car without a jerk as plaintiff was in the act of alighting.

3. APPEAL AND ERROR, § 1542*—*when instruction submitting improper element of damage harmless.* In an action by a passenger for personal injuries where the declaration contained no averment of mental suffering and no proof thereof was introduced and instruction that plaintiff might recover for "his suffering in mind" is improper, but was *held* not to have been prejudicial.

*See **Illinois Notes Digest, Vols. XI to XV, same topic and section number.**